IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DANNY J. MCCOY,

    Plaintiff,

V.                                                    CIVIL ACTION NO. 3:04-0715

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## **FINDINGS AND RECOMMENDATION**

In this action, filed under the provisions of 42 U.S.C. §405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits prior to July 9, 2003, the date he attained the age of fifty-five. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on August 9, 2002, alleging disability commencing November 1, 1999, as a consequence of loss of vision in the right eye and glaucoma in the left eye. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff disabled as of July 9, 2003, but not before, in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, he filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-five years of age and had obtained a high school education. His past relevant employment experience consisted of work

as a sheet metal assembler and glass installer.  In his decision, the administrative law judge found that plaintiff suffered from "hypertension and total loss of vision in the right eye," impairments he considered severe.  Though concluding that, prior to July 9, 2003, plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work.  On the basis of this finding, and relying on Rule 202.14 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled prior to that date.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision.  The medical evidence establishes a history of carpal tunnel syndrome with a right carpal tunnel release performed in May of 1990.  Treatment notes reflect plaintiff returned to work eight days after surgery and subsequently complained only that trying to swing a golf club put pressure on his surgery site.  There is no evidence of further complaints or treatment for hand problems and plaintiff was able to continue working until 1999 and also worked for six months on a part-time basis doing construction in 2001.

Similarly, plaintiff underwent an arthroscopic partial right medial meniscectomy on April 29, 1991 due to a torn right medial meniscus.  Follow-up notes reflect he was permitted to return to light duty work on May 16, 1991.  He also had five physical therapy sessions to work on strengthening and range of motion in the knee.  As of June 6, 1991, his treating physician related he had returned to work and was "functioning quite well without any complaints."  As noted,

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404 Subpart P, Appendix 2, Table No. 2.

plaintiff continued to work a number of years after this surgery and the medical evidence does not reflect any further problems with the knee. The administrative law judge concluded, despite plaintiff's assertions to the contrary, that neither of these past medical problems presented any difficulties for him at the present time. He thus found these were not "severe" impairments. This finding is well-supported by the evidence.

More recently, plaintiff described at the hearing having "minor" headaches every couple of months which last approximately two hours. He takes only over-the-counter Tylenol for these. Again, the medical reports do not reflect treatment for a headache problem. Though the administrative law judge did not find this to be a "severe" impairment, and the evidence is supportive of this finding, he did nonetheless find that plaintiff has mild to moderate pain which does not prevent him from sustaining employment. Similarly, plaintiff is treated for gastroesophageal reflux disease which reports show is clearly controlled with medication and, as the administrative law judge concluded, does not limit his functioning. He has also been prescribed medication for hypertension at the Veterans Administration Medical Center ("VAMC") beginning in 2002. Though his hypertension was brought under good control with a combination of medications, the administrative law judge still concluded it was a "severe" impairment and found that it, in combination with plaintiff's eye problems, would limit him to light level work which allowed him to change body positions to maintain comfort.

Clearly, right eye blindness is plaintiff's most significant impairment. He sustained a serious injury to this eye in an accident in May of 1997. Vision was lost and he was given a prosthesis. Subsequent reports do not reflect any problems with the prosthesis. Plaintiff testified that he can take care of his personal needs except for shaving. He asserted, however, that he does

not drive anymore due to his lack of depth perception and inability to see to his right and also stated he bumps into things and sometimes misses steps when walking.

According to a September 20, 2002 letter from Dr. Craig Morgan, an ophthalmologist who began treating plaintiff in 1997 at the time of his accident, he has also developed glaucoma in his left eye which is treated with drops that are "controlling [it] well." When he checked plaintiff's visual acuity on January 7, 2002, it was normal without correction. He concluded that plaintiff has normal central and peripheral acuity and functions and, therefore, "no visual problems in the left eye." He added there were no physical contraindications to plaintiff working and that he could do "anything he desires" without causing additional problems to his eye. Evaluations at the VAMC subsequent to Dr. Morgan's January 7, 2002 exam did not reveal any evidence of glaucoma or related problems in the left eye. In fact, the physician treating him at this facility doubted he even had glaucoma and had him stop using the drops Dr. Morgan had prescribed to see if any problems developed. None documented and he concluded, on May 6, 2002, there was "no evidence of glaucoma." Given these circumstances, the administrative law judge determined that, if plaintiff had glaucoma, it was mild and did not limit his ability to work. This finding is clearly supported by the evidence.

While plaintiff reported his activities were limited due to vision loss and knee pain which occurred with standing or walking very long, the administrative law judge, taking account of the evidence as well as his observations of plaintiff at the hearing, concluded that his testimony was not fully credible. He was persuaded by the number of activities plaintiff admitted being able to perform since his alleged onset date in November of 1999. Plaintiff indicated he does laundry, mows the grass with a push mower, vacuums, takes out the trash and washes dishes. In documents

filed with his application, he denied having problems concentrating, completing tasks or following directions. The administrative law judge also noted that when seen at the VAMC plaintiff reported no pain anywhere but testified he experiences knee pain after standing or walking for only short periods of time. He also noted plaintiff's last treatment for musculoskeletal problems was in 1991. In view of the evidence, and taking account of the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Finally, in response to hypothetical questioning which included plaintiff's age, education, work experience and a reasonably accurate profile of his functional capacity and overall medical condition, a vocational expert testified that there were significant numbers of light and sedentary jobs in the national economy which plaintiff could perform. When plaintiff turned fifty-five on July 9, 2003, a little over one month before the date of the administrative law judge's decision, his vocational factors and residual functional capacity brought him under Rule 202.06 of the medical-vocational guidelines[3] which required a finding of disabled. On this basis, the administrative law judge determined that plaintiff was disabled as of his fifty-fifth birthday, July 9, 2003, but not before, and the evidence clearly provides substantial support for this finding.

Resolution of conflicts in the evidence is within the province of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), and if the Commissioner's findings are supported by substantial evidence this Court is bound to uphold the decision. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). In the present case, the evidence, though somewhat conflicting, provides substantial support for the Commissioner's findings with respect to

---

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1, Table No. 2.

plaintiff's impairments, residual functional capacity and ability to perform a limited range of light level work prior to July 9, 2003. Under such circumstances, the decision of the Commissioner should be affirmed.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: August 26, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE